UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

|  |  |
|---|---|
| Vanessa Gwin and Earlena Warfield, | Civil Action No.: _____ |
| Plaintiffs, |  |
| v. |  |
| Capital One Bank (USA) N.A., | **COMPLAINT** |
| Defendant. |  |

For this Complaint, the Plaintiffs, Vanessa Gwin and Earlena Warfield, by undersigned counsel, state as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3. The Plaintiff, Vanessa Gwin ("Gwin"), is an adult individual residing in Van Buren, Arkansas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Plaintiff, Earlena Warfield ("Warfield" and together with Gwin collectively referred to as "Plaintiffs"), is an adult individual residing in Louisville, Kentucky, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Capital One Bank (USA) N.A. ("Capital One"), is a Virginia business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS AS TO GWIN

6. Within the last year, Capital One started calling Gwin's cellular telephone, number 423-xxx-5671, in an attempt to collect a consumer debt allegedly owed by Gwin.

7. At all times mentioned herein, Capital One contacted Gwin using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When Gwin answered the calls from Capital One, she heard an automated message or silence and had to wait on the line for the next available representative.

9. During a live conversation in or around November 2019, Gwin demanded that all calls to her cease immediately.

10. Thereafter, despite having been so informed and directed to cease communications, Capital One continued placing automated calls to Gwin's cellular telephone.

11. Capital One's actions caused Gwin a great deal of frustration, annoyance, and inconvenience.

## FACTS AS TO WARFIELD

12. Within the last year, Capital One began calling Warfield regarding her account.

13. At all times mentioned herein, Capital One called Warfield's cellular telephone, number 502-xxx-3150, using an automatic telephone dialing system ("ATDS").

14. When Warfield answered calls from Capital One, she heard silence and had to wait on the line before she was connected to the next available representative.

15. In or around July 2019, Warfield spoke with a live representative and requested that all calls to her cease.

16. In complete disregard of Warfield's cease request, Capital One continued to place automated calls to Warfield's cellular telephone number.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

17. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. At all times mentioned herein and within the last four years, Defendant called Plaintiffs on their cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

19. Defendant continued to place automated calls to Plaintiffs' cellular telephones after being directed by Plaintiffs to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiffs incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. Plaintiffs were annoyed, harassed and inconvenienced by Defendant's continued calls.

22. The calls from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

24. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 4, 2020

Respectfully submitted,

By: /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs